IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| MARK JAY GUNNELLS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | No. 5:14-cv-188 (MTT) (CHW) |
| | : | |
| CAROLYN W. COLVIN, | : | Social Security Appeal |
| Acting Commissioner of Social Security, | : | |
| | : | |
| Defendant. | : | |
| | : | |

## REPORT AND RECOMMENDATION

This is a review of a final decision of the Commissioner of Social Security denying Plaintiff Mark Jay Gunnells's application for benefits. Because the Commissioner's decision is based on the application of proper legal standards and is supported by substantial evidence, it is **RECOMMENDED** that the Commissioner's decision be **AFFIRMED**.

## BACKGROUND

Plaintiff applied for Title II and Title XVI benefits in May 2010, claiming to suffer from obesity, cellulitis, and depression. (R. 90–93, 97). Plaintiff's applications were denied initially and on reconsideration, and following an administrative hearing in September 2012, a reviewing administrative law judge ("ALJ") found that Plaintiff could perform modified sedentary work, and was therefore not "disabled" within the meaning of the Social Security Act. Plaintiff sought review before the Appeals Council, to whom he submitted additional evidence, but the Appeals Council denied Plaintiff's request for review, ruling that Plaintiff's additional evidence was either "about a later time," or that it "[did] not provide a basis for changing the [ALJ's] decision." (R. 2). Plaintiff now seeks review before this Court, arguing that the ALJ erred by

1

failing to formally assign weight to several pieces of medical evidence. Because the ALJ adequately accounted for the evidence cited by Plaintiff, however, and because substantial evidence supports the Commissioner's decision, it is recommended that the Court affirm.

## STANDARD OF REVIEW

Judicial review of a decision of the Commissioner of Social Security is limited to a determination of whether that decision is supported by substantial evidence, as well as whether the Commissioner applied the correct legal standards. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). "Substantial evidence" is defined as "more than a scintilla," and as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* The Eleventh Circuit has explained that reviewing courts may not decide the facts anew, reweigh the evidence, or substitute their judgment for that of the Commissioner. *Id.* Rather, if the Commissioner's decision is supported by substantial evidence, that decision must be affirmed even if the evidence preponderates against it.

## EVALUATION OF DISAIBLITY

Social Security claimants are "disabled" if they are unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. 42 U.S.C. § 423(d)(1)(A).

The Social Security Regulations outline a five-step sequential evaluation process for determining whether a claimant is disabled: "(1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of impairments; (4) based on a residual functional capacity ("RFC")

2

assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's RFC, age, education, and work experience." *Winschel*, 631 F.3d at 1178 (11th Cir. 2011) (citing 20 C.F.R. §§ 404.1520(a)(4)(i)-(v); 416.920(a)(4)(i)-(v)).

## DISABILITY EVALUATION IN THIS CASE

Following the five-step sequential evaluation process, the reviewing ALJ made the following findings in this case. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since March 10, 2010, his alleged onset date. (R. 32). At step two, the ALJ found that Plaintiff suffered from the following severe impairments: "morbid obesity; a history of venous stasis disease/cellulitis of his legs; mild chronic obstructive pulmonary disease; obstructive sleep apnea; status post a mild stress fracture of his left foot; and depression related to his history of polysubstance abuse." (R. 32). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments meeting or medically equaling the severity of one of the listed impairments. (R. 32). Therefore, the ALJ assessed Plaintiff's RFC and determined that Plaintiff could perform:

> sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a), but with some exceptions. Specifically, the claimant should alternate between sitting and standing at will, and he should perform no more than occasional climbing, balancing, stooping, kneeling, crouching or crawling. In addition, the claimant should have no more than occasional exposure to vibrations, he must work in a temperature and humidity controlled environment, he should not be exposed to industrial hazards or concentrated pulmonary irritants, and he should not operate foot controls. Finally, the claimant should perform simple tasks that require no more than occasional and casual contact with the general public.

(R. 34)

At step four, the ALJ found that Plaintiff had no past relevant work. (R. 43). At step five, though, the ALJ found that Plaintiff could perform the requirements of representative occupations like "document preparer," "call-out operator," and "addressor." (R. 44). Based on this step five finding, the ALJ concluded that Plaintiff was not "disabled" within the meaning of the Social Security Act.

## ANALYSIS

Because substantial evidence supports the Commissioner's decision, it is recommended that the Court affirm. Plaintiff argues that the ALJ erred by failing to formally assign weight to several pieces of medical evidence, but the evidence cited by Plaintiff in fact supports the ALJ's opinion.

Plaintiff first asserts that Dr. William Hutchings's consultative examination report is inconsistent with the ALJ's RFC, but this assertion is not accurate. As Plaintiff notes, Dr. Hutchings found that Plaintiff suffered from a "severe impairment with legs" due to his obesity and venous stasis disease, resulting in reduced strength and range of motion in the back and lower extremities. (R. 316–22). Dr. Hutchings also found, however, that Plaintiff:

- was able to stand and/or walk in 20 minute increments;
- had a "normal" ability to reach, grasp and finger, and was only "mildly impaired" in his ability to push and pull with his upper extremities; and
- was able to feed himself and take care of his own personal hygiene.

(*Id.*)

Dr. Hutchings also indicated that Plaintiff's poor venous circulation and lower-extremity swelling was associated with Plaintiff's being "up and walking during the day." (R. 316).

Taken as a whole, Dr. Hutchings's report is not inconsistent with an RFC allowing for modified sedentary work permitting Plaintiff to alternate between sitting and standing at will,

4

with no more than "occasional" climbing, balancing, stooping, kneeling, crouching, or crawling. (R. 34). Insofar as Plaintiff simply asks the Court to reweigh Dr. Hutching's report and to reach a different conclusion, the Court is unable to comply. *See Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). Additionally, insofar as Plaintiff asks the Court to remand simply because the ALJ did not formally assign weight to Dr. Hutching's report, Plaintiff's argument is not persuasive because the ALJ's error was harmless. *See Caldwell v. Barnhart*, 261 F.App'x 188, 190 (11th Cir. 2008) ("When . . . an incorrect application of the regulations results in harmless error because the correct application would not contradict the ALJ's ultimate findings, the ALJ's decision will stand").

Plaintiff next asserts that the ALJ's opinion is not consistent with both a psychological evaluation report completed by Dr. Doug Stone-Miller, Ph.D., (R. 334–39), and with a mental impairment questionnaire completed by Dr. Louis Barron. (Doc. 475–77). Dr. Barron's questionnaire shows only "normal" findings, with one exception: that Plaintiff was "somewhat likely" to decompensate or become unable to function under stress. Although, as the Commissioner notes, ambivalent medical findings are not presumptively entitled to weight, *see* (Doc. 20, p. 5) (citing *Mason v. Comm'r*, 430 F.App'x 830, 832 (11th Cir. 2011)), the ALJ adequately accommodated Dr. Barron's opinion by limiting Plaintiff to "simple tasks," with only "occasional and casual contact with the general public." (R. 43). The ALJ's opinion is also consistent with Dr. Doug Stone-Miller's opinion. That opinion clearly indicates that Plaintiff, despite his risk of decompensation:

- "ha[d] the ability to understand and remember simple instructions;"
- "ha[d] the ability to consistently carry out simple instructions;"
- displayed good concentration and good social skills during his evaluation;

5

- was "[p]sychologically . . . able to consistently adhere to a typical workday or week;" and

- could "maintain a minimally acceptable pace in a work setting."

(R. 339)

Again, these findings are not inconsistent with the ALJ's opinion, and insofar as Plaintiff asks the Court to remand merely because the ALJ did not formally assign weight to Dr. Stone-Miller's or Dr. Barron's opinions, Plaintiff's argument is not persuasive because the ALJ's error was harmless.

Plaintiff last cites a Global Assessment of Functioning ("GAF") score of 45, (R. 459), and argues the ALJ erred by failing to specifically address this GAF score in his opinion.[1] While some unpublished Eleventh Circuit authority appears to support Plaintiff's argument, *see McCloud v. Barnhart*, 166 F.App'x 410 (11th Cir. 2006), the Commissioner has herself declined to endorse the GAF scale. *See Wind v. Barnhart*, 133 F.App'x 684, 692 n.5 (11th Cir. 2005). Additionally, the Fifth Edition of the Diagnostic and Statistical Manual of Mental Disorders ("DSM") has abandoned the use of the GAF scale "because of its conceptual lack of clarity . . . and questionable psychometrics in routine practice." *Williams v. Colvin*, 757 F.3d 610, 613 (7th Cir. 2014) (internal quotations omitted). Finally, even if the ALJ technically erred by failing to specifically address the GAF score of 45, the ALJ's error was harmless because, as discussed above, the ALJ adequately addressed the more specific functional limitations proposed by both Dr. Stone-Miller and Dr. Barron.

---

[1] Plaintiff did not address GAF scores contained in the additional evidence submitted to the Appeals Council. The Appeals Council found that Plaintiff's additional evidence was "about a later time." (R. 2).

**CONCLUSION**

Because the ALJ adequately considered Plaintiff's medical condition as a whole, and because substantial evidence supports the ALJ's determination that Plaintiff can perform modified sedentary work, it is **RECOMMENDED** that the Commissioner's decision be **AFFIRMED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, <u>WITHIN FOURTEEN (14) DAYS</u> after being served with a copy thereof. The District Judge shall make a de novo determination of those portions of the Recommendation to which objection is made. All other portions of the Recommendation may be reviewed for clear error.

The parties are further notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

**SO RECOMMENDED**, this 2nd day of June, 2015.

s/ Charles H. Weigle<br>
Charles H. Weigle<br>
United States Magistrate Judge